IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW STOCKMAN, on behalf of himself and all others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) COMENITY, LLC, ) ) Defendant. ) | Case No. 20-cv-00404 <br><br> Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Matthew Stockman, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

2. This Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, made the calls that are the subject of this lawsuit to Plaintiff in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## STANDING

3. Defendant placed calls to Plaintiff's cell phone using an automated dialer without his consent.

1

4. Plaintiff's has thus suffered an injury as a result of Defendant's invasion of his privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff Matthew Stockman is a natural person who resides in this District.

6. Defendant, Comenity, LLC ("Comenity") is a Delaware limited liability company. Its registered agent and address is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## FACTS

7. Plaintiff received a call to his cellular telephone from Comenity at 8:20AM on November 14, 2019.

8. Plaintiff answered the call, responded "hello", and heard a long pause.

9. Eventually, an agent answered and identified herself as Sharon.

10. Sharon said she was calling on behalf of Comenity Bank regarding a debt allegedly owed by his mother, Kathleen Stockman.

11. Plaintiff explained that he was not Kathleen and disconnected the call.

12. The long pause before a human came on the line indicates that Comenity used a predictive dialing system. That is, a combination of software and hardware that can automatically dial numbers without human intervention.

13. On information and belief, such equipment also has the capacity to produce telephone numbers using a random or sequential number generator and to dial those numbers.

14. Many of the numbers Comenity calls to collect a debt are obtained by "skip-tracing," an investigative method used to obtain consumer phone numbers from online databases and credit reports, rather than from consumers themselves.

15. Comenity may also obtain consumer phone numbers from third-parties or their own records regarding other transactions, accounts, or business matters.

16. Comenity knows that they do not have "prior express consent" to call phone numbers that had been obtained through skip tracing; from third parties; or from matters unrelated to the subject matter of a given call.

17. Comenity also knows that a consumer may, at any time and for any reason, revoke consent to be called at a certain number or numbers.

18. Upon information and belief, Comenity keeps records and data from which it can determine which phone numbers they do not have consent to call (e.g. skip-traced numbers; revoked consent).

19. Comenity does not use these records to prevent their calls from being placed to those numbers but chooses to call those numbers using an autodialer.

20. Comenity knew about the TCPA before making the calls to plaintiff but made these autodialed calls in spite of such knowledge.

21. On information and belief, Comenity also used third party vendors to make calls.

22. The telephone calls were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of his cellular telephone line for other potential callers.

23. The telephone calls were intentionally, willfully and knowingly initiated without Plaintiff's consent as Comenity was aware it did not have consent from his to call his cellular phone.

24. The telephone calls were not initiated by accident or mistake.

## CLASS ACTION ALLEGATIONS – TCPA

25. Plaintiff brings this action on behalf of a class consisting of:

**Automatic Telephone Dialing System Class**
All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, Comenity called using the same or similar dialing system used to call Plaintiff, where such calling occurred without the person's permission.

26. Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number Comenity called without permission using the same equipment used to call Plaintiff.

27. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

   a. Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

   b. Whether Comenity had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

4

    c. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

28. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Comenity's liability to Plaintiff and the other members of the class are the same: Comenity violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the class, without permission.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation.

30. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

31. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

32. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they

even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

33. The identity of the class is, on information and belief, readily identifiable from Defendant's records.

## COUNT I – TCPA – AUTOMATED TELEPHONE DIALING SYSTEM

34. Plaintiff incorporates by reference the above paragraphs, 1-33.

35. Comenity contacted Plaintiff using an automated telephone dialing system, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Matthew Stockman respectfully requests that the Court enter judgment against Comenity for:

- A. A declaration that Comenity violated the TCPA;
- B. Injunctive relief aimed at ensuring the prevention of Comenity from violating the TCPA in the future, including requiring Comenity to cease calling Plaintiff's cellphone using an automated telephone dialing system.
- C. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to Plaintiff;
- D. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;
- E. Actual damages pursuant to 47 U.S.C. § 227(b)(3) and,
- F. Such other or further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

By: s/Michael W. Drew
One of Plaintiff's Attorneys

Michael W. Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com